```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

LORENZO WILLIAMS,

            Movant,

  -vs-

UNITED STATES OF AMERICA,

            Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6337-MAT**

**Criminal Case**
**No. 6:05-cr-6149-MAT**

___

## INTRODUCTION

Lorenzo Williams ("Williams" or "Movant"), represented by counsel, has filed a Motion to Correct the Sentence (Dkt #75) pursuant to 28 U.S.C. § 2255 ("Section 2255"). Williams asserts that his sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") §§ 4B1.1 and 4B1.2.2 is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Williams appeared before District Judge David G. Larimer on November 6, 2006, and pled guilty to violations of 21 U.S.C. § 841(b)(1)(C) (possession with intent to distribute marijuana) and 18 U.S.C. § 922(g)(1) (possession of firearm by a convicted felon) in satisfaction of a four-count superseding information.

The presentence report ("PSR") recommended finding that Williams' instant conviction was a controlled-substance offense and that he had at least two qualifying prior convictions for either a

"crime of violence" or a controlled-substance offense. At the sentencing hearing on April 25, 2007, Judge Larimer adopted the PSR's recommendation that Williams be found to have a New York conviction for attempted first-degree escape that qualified as a "crime of violence" for purposes of the career offender provision of the Guidelines. In addition to adjudicating Williams a career offender, Judge Larimer found that him to be subject to a heightened base offense level under U.S.S.G. § 2K2.1(a)(2). Accordingly, Judge Larimer imposed a sentence of 144 months in prison.

Following the Supreme Court's decision in Johnson, Williams filed this Section 2255 motion arguing that he is no longer a career offender under the Guidelines because his prior conviction for first-degree escape can only qualify as a "crime of violence" under the Guidelines' residual clause, which contains the same operative language as the now-voided residual clause of the Armed Career Criminal Act ("ACCA"). Respondent does not dispute the substantive merits of Williams' claim. Instead, Respondent opposes Section 2255 relief on the grounds that the rule announced in Johnson has not been made retroactive to collateral challenges to Guidelines' sentences, and that the collateral attack in his plea agreement procedurally bars this motion.

For the reasons discussed below, Williams' motion is granted, and the matter is transferred to Judge Larimer for re-sentencing.

**DISCUSSION**

**I. Retroactivity of Johnson to Collateral Challenges to Guidelines' Sentences**

On June 26, 2015, the Supreme Court issued its decision in Johnson, holding that the definition of "violent felony" in the residual clause of the ACCA is unconstitutionally vague. On April 18, 2016, the Supreme Court ruled that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Welch v. United States, 136 S. Ct. 1257, 1268 (2016); see also id. at 1265 (confirming that Johnson has "nothing to do with procedure" because it "'alter[s] 'the range of conduct or the class of persons that the [ACCA] punishes") (quotation omitted).

The nullified residual clause in the ACCA made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a "violent felony" for purposes of designating a defendant an armed career criminal. 18 U.S.C. § 924(e)(2)(B)(ii). Though Johnson dealt only with the ACCA's residual clause, the Second Circuit has recognized that the operative language of U.S.S.G. § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.[1] See, e.g., United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of

---

[1] Compare U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") with 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted). Effective August 1, 2016, the United States Sentencing Commission amended Guidelines § 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in Johnson.

Respondent argues that Welch restricted its finding that Johnson is a substantive rule to cases involving the ACCA because in that context, "a sentence based on the residual clause of the ACCA is a sentence that cannot be imposed lawfully under the Constitution, regardless of the procedures employed." Resp't Mem. (Dkt #81) at 10. Respondent contends that this is not the case under the Guidelines, because they simply "provide a mechanism for directing a sentencing court's discretion to impose a punishment within the range selected by Congress." Id. (citation omitted). In essence, Respondent argues that the Johnson rule is substantive when applied to § 924(c)(3)(B) but merely procedural when applied to the Guidelines. As such, its retroactive application is barred by Teague v. Lane, 489 U.S. 288, 310 (1989) (plurality opn.) (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). The Fourth Circuit recently rejected

this very argument. See In re Hubbard, 825 F.3d 225, 234 (4th Cir. 2016).

At the outset, the Fourth Circuit observed that "Welch declared unequivocally that Johnson was 'a substantive decision and so has retroactive effect under Teague in cases on collateral review[.]'" Hubbard, 825 F.3d at 234 (quoting Welch, 136 S. Ct. at 1265). The Fourth Circuit further noted the absence of any caselaw "to support the proposition that a rule can be substantive in one context but procedural in another." Id. (citing Danforth v. Minnesota, 552 U.S. 264, 266 (2008) ("New [substantive rules] . . . must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings.")).

The Supreme Court in Welch also noted that "[b]y striking down the residual clause as void for vagueness, Johnson changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'" Welch, 136 S. Ct. at 1265 (quotation omitted). Based on this reasoning, the Fourth Circuit likewise found that striking the residual clause in U.S.S.G. § 4B1.2(b) would "'alter[ ] the range of conduct or the class of persons that the [Sentencing Guidelines] punishes.'" Hubbard, 825 F.3d at 834 (quoting Welch, 136 S. Ct. at 1265 (quotation marks omitted in original; brackets in original). "That is, the 'substantive reach' of the Sentencing Guidelines would be altered just as much as was true for the ACCA." Id. The Fourth

Circuit explained that if <u>Johnson</u> does invalidate the Guidelines' residual clause, "some crimes will no longer fit the . . . Guidelines' definition of a crime of violence and will therefore be incapable of resulting in a career-offender sentencing enhancement." <u>Id.</u> In such cases, application of the <u>Johnson</u> rule will operate as one of the <u>Teague</u> exceptions to non-retroactivity by "prohibiting a certain category of punishment for a class of defendants because of their status." <u>Id.</u> (citing <u>Frazer v. South Carolina</u>, 430 F.3d 696, 704 n. 4 (4th Cir. 2005) (quoting <u>Saffle v. Parks</u>, 494 U.S. 484, 494 (1990) (further quotation omitted; brackets in <u>Hubbard</u> omitted)).

While a defendant still may be subject to the same statutory range of punishments under the Guidelines, "'even the use of impeccable factfinding procedures could not legitimate,'" <u>Hubbard</u>, 825 F.3d at 234 (quoting <u>Welch</u>, 136 S. Ct. at 1265), "'a sentence based on that clause' (that is, U.S.S.G. § 4B1.2(1) as it existed at the time of sentencing)." <u>Id.</u> at 234-35 (quoting <u>Welch</u>, 136 S. Ct. at 1265). In short, "<u>Johnson</u> is not a procedural decision" as applied to the Guidelines. <u>Hubbard</u>, 825 F.3d at 235 (citing <u>Welch</u>, 136 S. Ct. at 1265). <u>See</u> <u>also</u> <u>In re Patrick</u>, No. 16-5353, ___ F.3d ___, 2016 WL 4254929, at *3 (6th Cir. Aug. 12, 2016) (agreeing with <u>Hubbard</u>; rejecting government's arguments that <u>Johnson</u>'s application to the Guidelines is procedural).

Moreover, this Court has already held that the rule of <u>Johnson</u>

should apply equally to U.S.S.G. § 4B1.2(a)(2). See Decision and Order dated 4/18/16, pp. 18-23, in <u>Antonio Williams v. United States</u>, No. 07-cr-238 (W.D.N.Y. Apr. 18, 2016). Respondent has offered no arguments or caselaw to cause the Court to reconsider its previous ruling, which is bolstered by the recent Fourth and Sixth Circuit opinions in <u>Hubbard</u> and <u>Patrick</u>, respectively.

**II. The Collateral Attack Waiver in the Plea Agreement**

Williams' plea agreement contained a provision limiting his Guidelines exposure to 130 to 162 months of imprisonment and allowed him to agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a 144-month term of imprisonment. In exchange, Williams waived his right to later directly or collaterally challenge his sentence, so long as it was within, or less than, the range of 130 to 162 months. As Respondent notes, the sentence actually imposed (144 months) was within the range specified in the collateral attack waiver provision. Respondent argues that the collateral attack waiver provision in the plea agreement precludes Williams from now asserting a <u>Johnson</u> challenge to his sentence.

According to Respondent, Williams obtained the benefit of his bargain under the plea agreement and is bound by the terms of his bargain to not challenge the term of imprisonment he received. <u>See</u> Resp't Mem. at 5. While "[s]tandard principles of contract law guide [the Court's] interpretation of a plea agreement[,]" <u>United</u>

States v. Torres, No. 14-10210, ___ F.3d ___, 2016 WL 3770517, at *8 (9th Cir. July 14, 2016), "[t]he analogy between plea agreements and private contracts is imperfect, . . . because the Constitution imposes a floor below which a defendant's plea, conviction, and sentencing may not fall." Id.  For instance, courts will decline to enforce an appellate rights waiver "if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'" Id. (quoting United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007); citations omitted); see also United States v. Rosa, 123 F.3d 94, 101 (2d Cir. 1997) ("We will certainly often be willing to set aside the waiver and accept appeal when constitutional concerns are implicated. . . .").

   In Torres, as in the present case, the defendant entered into a plea agreement in which he waived his right to file an appeal attacking his applicable Guidelines range based on Johnson. Torres, 2016 WL 3770517, at *9. The Ninth Circuit declined to enforce the waiver on his appellate Johnson claim, noting that if the district court indeed sentenced Torres pursuant to a provision in the Guidelines that was unconstitutionally vague, that "render[ed] Torres's sentence 'illegal' and therefore the waiver in his plea agreement [did] not bar [his] appeal." Id. (citing Bibler, 495 F.3d at 624) ("A sentence is illegal if it . . . violates the Constitution.") (citation omitted)).  Respondent does not dispute that Williams' prior convictions do not justify the imposition of

the Guidelines' career offender enhancement absent the residual clause. This Court has found that Johnson applies retroactively to Section 2255 motions and invalidates the Guidelines' residual clause. Therefore, Williams' sentence is unconstitutional, and the collateral attack waiver in his plea agreement does not bar this challenge. See Torres, 2016 WL 3770517, at *9 ("We . . . accept the Government's concession that the district court sentenced Torres pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders Torres's sentence 'illegal,' and therefore the waiver in his plea agreement does not bar this appeal. And, because the government agrees that Torres's prior convictions do not justify the imposition of § 2K2.1(a)(2)'s crime-of-violence enhancement absent the residual clause, we vacate Torres's sentence and remand for re-sentencing.") (internal citation omitted).

## CONCLUSION

For the foregoing reasons, the Court finds that Williams is entitled to resentencing because his original sentence "was imposed in violation of the Constitution or laws of the United States[,]" 28. U.S.C. § 2255(a). Because resentencing by the original sentencing judge will best satisfy the requirements of due process in accordance with Federal Rule of Criminal Procedure Rule 11, the Court will transfer this case to Judge Larimer.

## ORDERS

For the reasons discussed above, it is hereby

**ORDERED** that Lorenzo Williams' Motion to Correct Sentence Under 28 U.S.C. § 2255 (Dkt #75) is **granted;** and it is further

**ORDERED** that this matter is immediately transferred to District Judge David G. Larimer for resentencing.

**IT IS SO ORDERED.**

                                          **S/ Michael A. Telesca**

                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:     September 15, 2016
              Rochester, New York