UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LORENZO WILLIAMS,

          Movant,

  -vs-

UNITED STATES OF AMERICA,

          Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6337-MAT**

**Criminal Case**
**No. 6:05-cr-6149-MAT**

---

## INTRODUCTION

Lorenzo Williams ("Williams") filed a counseled Motion to Correct the Sentence and Request to Hold Case in Abeyance (Dkt #75) pursuant to 28 U.S.C. § 2255, asserting that his sentence as a career offender under the United States Sentencing Guidelines ("Guidelines") was unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015). On September 15, 2016, the Court granted Williams' motion and transferred the matter to the original sentencing judge for re-sentencing. On September 23, 2016, Respondent filed a Motion for Reconsideration (Dkt #86), and the matter was transferred to the undersigned for consideration of the reconsideration motion.

Because of important liberty interest at stake in this matter, the Court has expedited consideration of Respondent's motion without requiring Williams to submit responsive papers. As discussed below, Respondent has failed to assert any proper grounds

-1-

for reconsideration. Its motion is accordingly denied.

## DISCUSSION

Respondent does not state under what authority it brings its Motion for Reconsideration, but the Court will presume that the motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P"). See, e.g., Stinson v. United States, No. 01-CR-6087-CJS, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Respondent raises, almost verbatim, the same arguments urged in its opposition to Williams' Section 2255 motion—in particular, that Johnson does not apply retroactively to a defendant's collateral challenge to a Guidelines' sentence, and that the Court erred in declining to enforce the collateral attack waiver in Williams' plea agreement. The Court has already considered and rejected these arguments. It is well-settled that "a motion to reconsider should not be granted where[,]" as here, "the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Respondent alternatively argues that the Court should stay Williams' Section 2255 motion pending the Supreme Court's decision

in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (order granting writ of certiorari). In cases where the Second Circuit has authorized the filing of successive Section 2255 motions raising claims identical to those raised by Williams, the Second Circuit has expressly given this Court permission to decide the motions without waiting for the Supreme Court to resolve Beckles. The Court finds no basis to impose a stay in the present case, and to do so would be inconsistent with its handling of other defendants' Section 2255 motions.

**CONCLUSION**

In sum, Respondent has come forward with no basis for the Court to reconsider its Decision and Order granting Williams' Section 2255 motion and declining to stay the proceeding pending a decision in Beckles. Accordingly, Respondent's Motion for Reconsideration is denied in its entirety with prejudice. This matter is immediately transferred to District Judge David G. Larimer for resentencing.

SO ORDERED.

S/ Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   September 28, 2016
         Rochester, New York